# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUSIVILLE DIVISION

**RICO RAYSHON RAINEY**                                                              **PLAINTIFF**

v.                                                                    **CIVIL ACTION NO. 3:22-cv-53-BJB**

**CLARK et al.**                                                                     **DEFENDANTS**

## MEMORANDUM OPINION

*Pro se* Petitioner Rico Rayshon Rainey, who is housed at the Louisville Metro Department of Corrections, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (DN 1). On preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the Court dismisses the petition. *See* Rule 4 of the Rules Governing § 2254 Cases.[1]

## I.

Petitioner states that he is a detainee held before trial on charges related to assaults. The petition refers to two state criminal court cases, 18-CR-2675 and 19-CR-566, apparently both in Jefferson County.[2] He states that some charges against him were dismissed on March 26, 2020 without prejudice but that the Commonwealth is "recharging" the case. This case appears to concern an assault of a "'correction officer'" and/or "EMS, fire, rescue squad." Petitioner further states that this petition also concerns his pretrial custody arising out of his arrest on September 5, 2018 on charges of first-degree rape with serious physical injury and sodomy. The petition refers to a state-court pretrial conference in January 2019 and asserts that Petitioner was questioned "without lawyer, mouth swab, no search warrant." According to Petition, a

---

[1] According to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court may apply the Rules to § 2241 cases.

[2] Petitioner does not make clear which allegations relate to which criminal case, but that fact is not relevant to this preliminary review.

"Detective arrive[d and] said they were there to let me know of an old bench warrant [for] 'traffic violation.'"

Petitioner indicates in the petition that he has not exhausted his claims because "a public defender wasn't present," and "my case went right to circuit court from district court." Petitioner says he "ended up in jail 4 years 3 month because ineffective counsel . . . pro bono [counsel] her father died. . . withholding information concealed material[.] as of now: I been delayed in court 9 month for that . . . Jan. 6 year 2022."

Petitioner's requests for relief are confusing, but he refers to material being concealed, a "photo pick [and] wrong identification," a laboratory report indicating that "DNA little to no comparison (no semen)," the need for "fairness," and ineffective assistance of counsel.

II.

Petitioner may bring a § 2241 habeas action in federal court to demand enforcement of the state's affirmative constitutional obligation to bring him promptly to trial, but may not generally seek habeas relief to forestall state prosecution altogether. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-91 (1973); *Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir. 1993). Although § 2241 "establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Principles of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state-court remedies, and (2) special circumstances warrant federal intervention. *See Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2d Cir. 1983) ("[T]he writ of habeas corpus is not a

2

substitute for a regular route of appeal."); *see also Bronston v. Sabbatine*, No. 93-5648, 1993 WL 473792, at *1–2 (6th Cir. Nov. 16, 1993); *Moore v. Federspiel*, No. 2:09-CV-12673, 2009 WL 2170168, at *2 (E.D. Mich. July 20, 2009).

Because Petitioner is essentially requesting this Court's review of his pending state charges, federal habeas relief is unavailable. *See Braden*, 410 U.S. at 493. Additionally, to the extent that Petitioner may want a speedy trial or other resolution of those charges, he must exhaust his claims in the state court. *Braden*, 410 U.S. at 489-90; *Atkins*, 644 F.2d at 546 ("[T]he doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes."). Unless unusual or exceptional circumstances make it appropriate to reach the merits of a claim not first exhausted in the state court, the habeas petition should be dismissed so that the state courts may adjudicate the claims in the first instance. *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *O'Guinn v. Dutton*, 88 F.3d 1409, 1413 (6th Cir. 1996) (en banc).

In this case, Petitioner clearly did not exhaust his claims in state court. He can still present any constitutional claims during the course of his criminal trial, on direct appeal, or, if applicable, through a collateral attack properly filed in state court. He also might file a petition for writ of mandamus in the appellate court asking that court to compel the trial court to act. In light of these alternative routes, Petitioner has failed to meet his burden of demonstrating exhaustion of available state-court remedies. No unusual or exceptional circumstances warrant the Court's involvement in these state-court cases without Petitioner first exhausting his state-court remedies.

### CERTIFICATE OF APPEALABILITY

In the event that Petitioner appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id*. In such a case, no appeal is warranted. *Id*. This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter a separate Order dismissing this action without prejudice and denying a certificate of appealability.

Date: July 11, 2022

Benjamin Beaton, District Judge
United States District Court

cc: Petitioner, *pro se*
    Respondent
B213.009